517 So.2d 255 (1987)
STATE of Louisiana
v.
Kenneth L. ANDERSON.
No. 87 KA 0445.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*256 William R. Campbell, Jr., New Orleans, for appellee.
Office of Indigent Defender, Covington, for appellant.
Before WATKINS, CARTER and CHIASSON[*], JJ.
WATKINS, Judge.
Kenneth L. Anderson was charged by bill of information with two counts of distribution of marijuana, in violation of LSA-R.S. 40:966. He pled not guilty, was tried by a jury and was convicted as charged. The trial court sentenced him to serve five years imprisonment at hard labor on each count, with the sentences to run concurrently. Defendant has appealed urging two[1] assignments of error.

FACTS
The record reflects that defendant was arrested after making two marijuana sales to undercover narcotics agent Louis Matranga in December of 1985. Matranga was employed by the Slidell Police Department, which rented a house located behind defendant's house. Matranga made it appear as if he was living in the undercover house and thus became acquainted with defendant.
The first sale took place on December 10, 1985. At approximately 7:20 p.m., defendant and Matranga engaged in a conversation out in the yard, during which defendant asked if Matranga wanted to buy some weed. Matranga replied that he did; so defendant went to his apartment and returned with a bag of marijuana. Matranga took the bag and gave defendant fifty dollars.
The second sale took place nine days later, on December 19, 1985. At approximately 10:00 p.m., the same type of incident occurred. Defendant left Matranga for a short time, returned with a bag of marijuana, and Matranga gave him thirty or thirty-five dollars for it.
On both occasions, Matranga turned the bags over to Sergeant Sig Swenson of the Slidell Police Department as evidence. The evidence was tested and positively identified as marijuana.

ASSIGNMENT OF ERROR NO. 1
By means of this assignment, defendant contends the trial court erred in limiting his cross-examination of the state's chief witness. Specifically, he urges that testimony concerning Louis Matranga's arrests and the outstanding charges against him would have furnished crucial impeachment evidence. Defendant asserts that defense counsel was attempting to elicit information concerning Matranga's possible arrangement with law enforcement officials wherein Matranga would not be prosecuted on certain arrests in exchange for his cooperation and undercover work.
LSA-R.S. 15:492 provides as follows:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
LSA-R.S. 15:495 provides:
Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be *257 asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
Examination of a witness as to his prior arrest is not within the prohibition of Section 495 when it is independently relevant to show particular bias or interest in the special case before the court under Section 492, which recognizes another and a different basis of impeachment than that of Section 495. State v. Bailey, 367 So.2d 368 (La.1979). Cross-examination about a witness' arrest is proper when it is not for the purpose of impeaching the witness' general credibility, but is to establish that the district attorney's office has leverage over the witness as a result of the pending charge, or at least that the witness might assume so. Such cross-examination reveals why the credibility of the witness might be suspect in the particular case. See State v. Brady, 381 So.2d 819 (La. 1980).
In the present case, the following exchange took place during the cross-examination of Louis Matranga by defense counsel:
Q. Who were you employed by in December of last year?
A. December 19?
Q. Yes.
A. I was employed by the city.
Q. The city of
A. Slidell, Louisiana.
Q. How were you paid?
A. I was paid just like a regular patrolman, just like everybody else gets paid.
Q. Were you paidyou weren't paid on a case-to-case basis?
A. No, sir, I wasn't paid by any number of people. It didn't matter if I got one person a month or a hundred a month. It didn't matter. I still get my same pay.
Q. Have you ever made a deal with a law enforcement agency not to prosecute you?
A. No, sir.
Q. In Mississippi?
A. No, sir.
Q. Were you ever charged with an offense that didn't go to trial?
BY MR. WILLIAMS: To which I would object.
BY THE COURT: And it is sustained. This issue has been addressed before, and it better not happen again, Mr. Moore.
Clearly, defense counsel was permitted to question Matranga regarding any "deal" between himself and the District Attorney. Defense counsel did not question the witness concerning any specific charges presently pending against him. Instead, counsel posed a very general question regarding past charges that did not go to trial. When the trial court sustained the state's objection, defense counsel continued questioning the witness. He did not note his objection to the court's ruling and state the basis therefore. See, LSA-C.Cr.P. art. 841.
LSA-R.S. 15:275 vests the trial court with "a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness." Therefore, a conviction will not be reversed due to the trial court's control of the examination of a witness unless an abuse of discretion is shown. State v. Chapman, 410 So.2d 689 (La.1981), affirmed following remand, 436 So.2d 451 (La.1983). Nor will a conviction be overturned where defendant does not show that he was prejudiced through a limitation of the cross-examination of a witness. State v. Savoie, 448 So.2d 129 (La. App. 1st Cir.), writ denied, 449 So.2d 1345 (La.1984).
In the instant case, defendant has neither alleged nor proven prejudice as a result of the trial court's action. We find no abuse of discretion on the part of the trial court.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant urges that the prosecution elicited other crimes evidence from the state's chief witness without *258 furnishing the requisite Prieur[2] notice. The record reveals that, during the presentation of evidence by the defense, Greg Frost testified that he was visiting defendant one day in December when Louis Matranga knocked on the door. Defendant opened the door and Matranga told him that he was going to get defendant back for blowing his cover. After the defense rested, the prosecution called Louis Matranga for rebuttal examination. Matranga denied going to defendant's house and threatening him and stated that defendant threatened to kill him if defendant found out he was a narc. Defense counsel objected that the testimony amounted to other crimes evidence. The court found that it was not testimony concerning other crimes but instructed counsel to "go on to something else."
Defendant argues in brief that Matranga's testimony was elicited to demonstrate defendant's bad character, not to establish system, guilt, knowledge, or intent. Therefore, defendant claims the evidence was improperly offered without following the Prieur guidelines. This premise is erroneous. The Prieur notice is required only as to offenses sought to be introduced to prove knowledge, intent, or system under LSA-R.S. 15:445, 446. It is not required as a pre-requisite to evidence of other offenses independently admissible upon another basis, such as res gestae. State v. Brown, 340 So.2d 1306 (La.1976), writ denied, 366 So.2d 564 (La.1979); State v. Prieur, supra.
In any event, the prosecution has the right to offer rebuttal evidence to explain, repel, counteract or disprove facts given in evidence by the adverse party. (LSA-R.S. 15:282); State v. Williams, 445 So.2d 1171 (La.1984).
Moreover, although defense counsel objected to the witness' testimony, he failed to move for a mistrial (LSA-C.Cr.P. art. 775), nor did he request the judge to admonish the jury (LSA-C.Cr.P. art. 771). The fact that the jury had already been exposed to the testimony rendered defense counsel's objection worthless. It was the duty of the defense to move for a mistrial or request an admonition at that point in order to remedy any possible errors. It is well settled that a defendant's failure to timely do so is a waiver of any error he may have claimed pursuant to LSA-C.Cr.P. arts. 771 and 775. State v. Bolton, 408 So.2d 250 (La.1981); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983). Thus, this assignment of error lacks merit.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.
[1] Although not formally assigned as error, in brief, defendant asks this Court to review the record for errors patent. This Court automatically does so under LSA-C.Cr.P. art. 920(2). Our review in this case reveals no errors patent on the face of the record.
[2] State v. Prieur, 277 So.2d 126 (La.1973).