544 So.2d 90 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Cornell STUBBS, Defendant-Appellant.
No. CR88-1090.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*91 Mark H. Kramar, Leesville, for defendant-appellant.
Asa Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before FORET, YELVERTON and KING, JJ.
YELVERTON, Judge.
Defendant, Cornell Stubbs, age 24, was convicted of distribution of marijuana, a violation of La.R.S. 40:966, and distribution of cocaine, a violation of La.R.S. 40:967. Based on prior criminal activity, he was charged as an habitual offender under La. R.S. 15:529.1(A)1, and sentenced as a second offender. For the marijuana distribution count defendant was sentenced to 10 years at hard labor, and for the distribution of cocaine count he was sentenced to thirty years at hard labor. Both sentences were to be served concurrently.
Defendant appeals both the conviction and the sentence, assigning a total of five errors.
FACTS
The distribution of marijuana was based upon an April 7, 1987, sale of marijuana by defendant to an undercover agent in the Big Casino, a bar in Leesville, Louisiana. The cocaine conviction was based upon an April 10, 1987, sale by defendant to the undercover agent at the same place.
ASSIGNMENT OF ERROR NO. 1
Defendant is a black man. In the selection of the jury the state exercised three peremptory challenges to exclude three black prospective jurors. This assignment of error is that the state's action was a violation of the equal protection clause as explained by the United States Supreme court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The case of Batson v. Kentucky establishes that it is a violation of his rights under the Equal Protection Clause for a state to use peremptory challenges to purposefully exclude members of a defendant's race from the petit jury. The case declares that once the defendant has made a prima facie showing of purposeful discrimination, the burden shifts to the state to come forward with a neutral explanation for challenging black jurors. The opinion announces that great deference will be accorded the trial court's determination of whether purposeful discrimination has been established.
In the present case two blacks served on the 12 member petit jury. Three blacks, Helen Diana Davis, Eloise W. Scott, and Alfreda Hall, were challenged peremptorily by the state. The state explained the reason for its challenge in all three cases. The state explained as to Helen Diana Davis that she stated during voir dire that she knew the defendant well, having seen him in numerous bars and lounges in Leesville, and that she admired his dancing. She stated that it was common knowledge in town that she admired his dancing. While this voir dire was going on the prospective juror and the defendant sometimes joined in laughter. The state's explanation for the exercise of the peremptory challenge was bias. Additionally, the state pointed out that Ms. Davis had volunteered the information that she had been convicted of the crime of theft.
As to the exercise of a peremptory challenge on Mrs. Scott, the state explained various reasons: that she knew the defendant and knew the lady that raised him, that she had not had any employment in a number of years, and that it was hard for the prosecutor to understand some of her answers to the questions.
The state excused the third prospective juror, Ms. Hall, largely because of her criminal record. She had been convicted of shoplifting 12 times.
The trial judge believed, and so do we, that the state articulated neutral explanations for its peremptory challenges of these three prospective jurors, and that the defendant did not establish purposeful discrimination. This assignment is without merit.
ASSIGNMENT OF ERROR NOS. 2 & 3
Richard Donahoe, the state's witness accepted by the defendant as an expert in chemistry and the analysis of drug *92 compositions, identified the cocaine. He testified that he used a gas chromatograph, that it was very specific, and that he followed the guidelines established by the Drug Enforcement Administration in making his analysis.
By these assignments of error, defendant complains that the gas chromatograph test was declared unreliable in the decision of State v. Rowell, 517 So.2d 799 (La.1988), and that because of the unreliability of the test, the evidence was irrelevant and should not have been admitted.
In Rowell, the Supreme Court ruled that the methods promulgated for a blood-alcohol test by gas chromatograph were insufficient to guarantee the accuracy of any results. These regulations failed to provide for repair, maintenance, or inspection of the gas chromatograph. These regulations are specifically required for the prosecution to use the results of a blood-alcohol test as proof that a defendant's blood contains greater than .10 per cent alcohol while defendant is driving. Such a test performed according to adequate regulations allows the state to use the statutory presumption set forth in La.R.S. 32:662 in a D.W.I, case. These regulations, however, are statutorily mandated only for the purpose of use of this presumption and not for use of such test results as evidence in cases involving other types of crime. The case does not hold that the gas chromatograph itself is an inaccurate test or that the actual procedure used was inadequate, but merely that the regulations set forth were not sufficient to insure the accuracy of any test results in a blood-alcohol test. The case at bar is therefore readily distinguishable from that in Rowell.
The evidence in the present case of the identity of the cocaine was reliable and admissible, and these assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 4
By this assignment the defendant contends that the sentences were excessive.
Defendant was sentenced to ten years at hard labor on the first count, distribution of marijuana, being sentenced under the habitual offender law, R.S. 15:529.1(G), as a second offender. His sentence of ten years on that count fell slightly below the halfway mark of the range of his exposure of not less than three-and-one-third years nor more than twenty years.
On count two, the cocaine distribution, his exposure was not less than 10 years nor more than 60 years, and he was sentenced to thirty years, again a sentence of a term of years less than the halfway mark of the range of his total exposure. The sentences were to be served concurrently.
The trial court conducted a sentencing hearing and carefully followed the sentencing guidelines of C.Cr.P. art. 894.1, thus giving this court on review a helpful explanation of why he gave the sentences that he did. We have reviewed the record and the reasons for sentence and we find that the sentences were not excessive. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 5
Defendant makes the sweeping contention that the sentencing judge failed to follow the guidelines. The record shows that the court meticulously followed the guidelines, including a recitation of the defendant's extensive prior criminal record both as a juvenile and as an adult.
The defendant specifically argues that the sentencing judge failed to allow him to offer evidence in mitigation at the sentencing hearing, when the trial court sustained an objection by the state and cut short the testimony of one of the defendant's witnesses. The witness was a weekend jailor who testified that he had seen the defendant every weekend for the past year while he was in jail awaiting trial and sentencing. The witness was then asked if there had been an occasion when he was responsible for transporting the defendant to attend a funeral in Leesville. An objection to relevancy was made by the state, and the trial court sustained the objection. Counsel for defendant then asked the witness to step down, and complains now that he was thwarted in his effort to show that the defendant was dependable, reliable and trustworthy. The argument is now made *93 that the trial court should have allowed the testimony and used that testimony in mitigation.
We find no error in the trial court's ruling. The argument is the same as saying that the fact that the defendant did not try to escape while attending a funeral outside the jail, should be taken into account as a mitigating factor.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.