561 So.2d 935 (1990)
STATE of Louisiana, Appellee,
v.
David M. CHRISTOPHER, Appellant.
No. 21301-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Rehearing Denied June 14, 1990.
*936 Hunter, Scott, Blue, Johnson & Ross by Willie Hunter, Jr., Monroe, for appellant.
William Guste, Atty. Gen., Baton Rouge, John Blake, Dist. Atty., John Michael Ruddick, Asst. Dist. Atty., Haynesville, for appellee.
Before FRED W. JONES, Jr., LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, David M. Christopher, age 36, was charged in separate bills of information with one count of possession of marijuana and one count of possession of cocaine, violations of LSA-R.S. 40:966 and 40:967, respectively. By means of a writ grant on March 9, 1989, this court reversed his conviction of possession of marijuana and ordered an acquittal entered as to that charge (No. 20,830-KW). On March 23, 1989, a six-person jury found defendant guilty of possession of cocaine. He was later sentenced to two years imprisonment at hard labor and fined $2,000, with the imprisonment being suspended and one year of supervised probation imposed. He now appeals, presenting four assignments of error. Finding those to lack merit, we affirm.

FACTS
In Homer, Louisiana, on July 24, 1988, about midnight, Claiborne Parish Deputy Sheriff George Shirey, noting red flashing lights around the license plate of a pickup truck, stopped defendant for a violation of LSA-R.S. 32:327(C). Later, Deputy Sheriff Steve Williams and Police Officers James Spillers and William Lafitte also arrived on the scene. When Deputy Shirey questioned defendant as to whether he had any weapons in the vehicle, he responded affirmatively and two guns were recovered.
*937 While defendant removed a pistol from the glove compartment, Deputy Shirey noticed a green vegetable matter, which appeared to be marijuana, on the seat and floorboard of the truck. At the same time, the deputy observed a white rock-like substance in the driver's seat. Defendant thereafter gave his consent for a search of the pickup, and the officers seized both the marijuana and the rock-like substance, later determined to be cocaine. They also recovered a partially burned marijuana cigarette from inside a stereo speaker located behind the driver's seat. Defendant subsequently was charged with possession of both marijuana and cocaine.

DISCUSSION

Assignment of Error No. One
In the first assignment of error, defendant argues that the trial court erred in modifying its ruling concerning a motion in limine.
Defendant filed the motion in limine to prohibit, during the present trial, any reference to his alleged possession of the marijuana. After initially granting the motion, the trial court later modified its ruling, stating that, although the substance could not be termed marijuana, the state and its witnesses could refer to "vegetable matter" allegedly seen on the seat of defendant's truck. It is now argued that this ruling deprived defendant of a fair trial.
Of course, the term "vegetable matter" is synonymous with marijuana when used in an affidavit. State v. Kaercher, 362 So.2d 754 (La.1978), cert. denied, 440 U.S. 936, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979). And, it is possible that the references to vegetable matter/marijuana in the present proceedings were prejudicial to defendant. Yet, evidence of the contemporaneous possession of a second controlled dangerous substance is often independently relevant.
In State v. Strange, 334 So.2d 182 (La. 1976), the defendant objected to evidence of his possession of marijuana during his trial for possession of amphetamines. The Louisiana Supreme Court held that, as possession of the two drugs occurred simultaneously, evidence of possession of marijuana was relevant to the issue of the defendant's guilty knowledge or intent to possess the amphetamines. Further, in State v. Clift, 339 So.2d 755 (La.1976), the defendant objected to evidence of possession of marijuana at his trial for possession of heroin. Actually, he had thrown marijuana to the ground while running from law enforcement officials, leading to his arrest and the subsequent discovery of heroin in his possession. Our Supreme Court found the marijuana evidence relevant because it allowed the state to present the entire criminal act, which was termed an unbroken chain, to the jury.
Consistent with this jurisprudence, in the present case references to the marijuana were relevant to the issue of defendant's guilty knowledge, as well as permitting presentation of the entire criminal act.
Moreover, in his opening statement, defense counsel argued that law enforcement officials had no reason to search defendant's vehicle. Although the propriety of the search would seem irrelevant to the question of whether defendant in fact possessed cocaine, defendant nevertheless chose to bring this issue before the jury. The assertion having been made, it was only fair that the state be given the opportunity to rebut it. Therefore, since the sighting of marijuana on the seat of the vehicle constituted the initial step in the process which resulted in the seizure of the cocaine, reference to the vegetable matter obviously became relevant. Defendant, having brought this irrelevant issue before the jury, should not be heard to complain on appeal that his trial strategy backfired.

Assignment of Error No. Two
By this assignment, defendant claims the trial court erred in allowing Exhibit S-2, the white rock-like substance, to be identified as cocaine by Jim Goebel, a forensic chemistry expert employed at the North Louisiana Crime Lab. Secondly, defendant asserts error in the trial court's refusal to exclude Exhibit S-5, the certified laboratory report, due to the state's alleged *938 failure to comply with discovery obligations.
Regarding tests performed on S-2, defendant contends that Mr. Goebel's failures, to run a blank on the mass spectrometer, to compare the machine's printout with a known spectrum of cocaine, and to clean the device prior to its use, should have precluded any expression of test results. Essentially, defendant's argument is that there should be explicit, uniform procedures used in this type of chemical testing and that the state should be required to show strict compliance with these procedures before the test results are admissible.
Defendant's approach would, in effect, extend by analogy the DWI cases dealing with testing methods and procedures. See, for example, State v. Rowell, 517 So.2d 799 (La.1988). There exists, however, a substantial distinction between testing for alcohol intoxication levels and the chemical testing involved in the present case. As part of their rationale, Rowell and the other DWI cases repeatedly stress that detailed and extensive testing safeguards are necessary in DWI cases since the results of such tests, when conducted in accordance with approved techniques, give rise to a statutory presumption of intoxication. In contrast, while pursuant to LSA-R.S. 15:500 a crime lab certificate may serve as prima facie proof of the facts shown therein, a defendant nevertheless may challenge the accuracy of the certificate's findings by subpoenaing the person who performed the examination. In such a case, the certificate is no longer prima facie proof of its contents. LSA-R.S. 15:501. Compared to the analysis of bodily substances as approved by the Department of Public Safety per LSA-R.S. 32:663, different procedures are employed for the testing of physical evidence such as cocaine, and there is no mandatory statutory presumption involved. Thus, the safeguards outlined in State v. Rowell, supra, are inapplicable to the case sub judice. See State v. Stubbs, 544 So.2d 90 (La.App. 3rd Cir.1989), writ denied, 550 So.2d 647 (La.1989), similarly distinguishing Rowell in a distribution of cocaine case. Clearly, Mr. Goebel was extensively cross-examined as to the methodology used in his chemical testing, and any objection as to the accuracy of that testing should go to the weight of the evidence, rather than its admissibility or identification as cocaine. See State v. Bourne, 283 So.2d 233 (La. 1973).
Defendant's complaints concerning the introduction of state's Exhibit S-5, the lab report, arise from the fact that a copy of the mass spectrometer printout for the seized cocaine was not provided to the defense until the morning of trial. According to the state, the district attorney did not receive the item from the crime lab until that date, whereupon a copy was immediately delivered to defense counsel. Defendant specifically stated, in response to inquiry at trial, that he sought neither a continuance nor a mistrial; instead he requested only suppression of the evidence. The printout itself was never introduced into evidence, although Mr. Goebel did identify it.
LSA-C.Cr.P. Art. 729.5, in reference to sanctions that may arise for the state's failure to comply with discovery obligations, provides:
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
B. In addition to the sanctions authorized in Part A hereof, if at any time prior or subsequent to final disposition the court finds that either the state through the district attorney or assistant district attorney or the defendant or his counsel has willfully failed to comply with this Chapter or with an order issued pursuant to this Chapter, such failure *939 shall be deemed to be a constructive contempt of court.
These sanctions are discretionary with the trial court and a defendant must show prejudice before an appellate court will reverse based on the nondisclosure of evidence subject to discovery. State v. Norwood, 396 So.2d 1307 (La.1981); State v. James, 396 So.2d 1281 (La.1981).
Although there is a continuing duty of disclosure, LSA-C.Cr.P. Art. 729.3, there is no duty on the part of the state to disclose information it does not possess. Therefore, the exclusion of evidence is a sanction which is unavailable where the state has promptly informed the defendant of the receipt of additional evidence, even though the new matter is uncovered at an inopportune time for him. State v. Williams, 448 So.2d 659 (La.1984); State v. Herrington, 512 So.2d 607 (La.App. 2d Cir.1987), writ denied, 516 So.2d 130 (La.1987). Based on the record, the state informed defendant of the mass spectrometer printout on receiving it from the crime lab. Although the time sequence may have been inconvenient for defendant, the trial court committed no error in failing to exclude the evidence at trial.
Defendant's objection, at trial, that S-5 contained a reference to marijuana as well as cocaine, has been addressed in the previous assignment.
Assignment No. Two lacks merit.

Assignment of Error No. Three
Defendant next asserts that the jury erred in finding guilt based on insufficient evidence.
The standard of review for sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). The rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. However, the circumstantial evidence rule does not establish a stricter standard of review than the reasonable juror's reasonable doubt formula, but, rather, provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Wright, 445 So.2d 1198 (La.1984); State v. Sutton, 436 So.2d 471 (La.1983); State v. Chism, 436 So.2d 464 (La.1983); State v. Brown, 556 So.2d 248 (La.App. 2d Cir.1990); State v. Green, 508 So.2d 602 (La.App. 2d Cir. 1987). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that a defendant is guilty beyond a reasonable doubt. State v. Wright, supra; State v. Eason, 460 So.2d 1139 (La.App. 2d Cir. 1984), writ denied, 463 So.2d 1317 (La. 1985).
Under LSA-R.S. 40:967, the state is required to prove that the defendant was in possession of cocaine. However, it is not required to prove actual or physical possession. Instead, the state may show constructive possession, or that the controlled dangerous substance was under the defendant's dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Alford, 323 So.2d 788 (La.1975). Mere presence in an area where the controlled dangerous substance was found is insufficient to constitute constructive possession. State v. Walker, 369 So.2d 1345 (La.1979); State v. Alford, supra. An additional element of the crime of possession of a controlled dangerous substance is guilty knowledge. State v. Goiner, 410 So.2d 1085 (La.1982); State v. Edwards, 354 So.2d 1322 (La.1978).
In the instant case, the undisputed facts show that the cocaine was found in the seat on the driver's side of defendant's pickup truck. Under such circumstances, the presence of the substance in the truck, while defendant was the sole occupant, certainly constitutes sufficient evidence of constructive possession. Defendant must be said to have had dominion and control over his truck and, in the absence of any passengers who might reasonably have had *940 ultimate, exclusive control, it must be presumed that defendant likewise had dominion and control over the contents of the truck, including the cocaine.
We narrow the issue then to that of guilty knowledge. Defendant testified that he had no knowledge of the cocaine or the marijuana in the vehicle. Nor could any of the officers questioned testify positively as to defendant's knowledge of the presence of the cocaine. The evidence of his guilty knowledge is circumstantial.
While defendant was cooperative with police officers and did not act suspicious, the cocaine nevertheless was found near his person. The record indicates that the quantity of cocaine was small, so small that the officers decided not to perform a field test, but there was no testimony as to its exact weight. In any event, while standing at the side of the vehicle, Deputy Shirey was able to observe the cocaine with only the assistance of the interior light of the truck, even at night. When informed of the presence of the substance, defendant did not appear surprised. He testified that his vehicle had been cleaned and washed about 10:00 a.m. on the date in question, but never indicated that anyone else had thereafter driven it.
It belies logic to conclude that defendant would have paid to have his truck cleaned and yet not note those materials, the vegetable matter and the small white rock-like substance, which were later recognizable inside the pickup. Defendant resided in Bernice, Louisiana, but was stopped some 25 miles away in Homer. Certainly, if an officer readily noticed the substances in the middle of the night, one would expect defendant to have detected their presence earlier under the circumstances shown. When the evidence is viewed in the light most favorable to the state, it cannot be said that a rational juror could not find guilt beyond a reasonable doubt.

Assignment of Error No. Four
Defendant alleges it was error for the trial court to refuse to give the following requested special jury instruction:
Proximity to drugs or association with a possessor may establish a prima facie case of drug possession when colored by other evidence. However, mere association or proximity without more is insufficient.
A requested special charge shall be given by the trial court if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. However, it need not be given if it is included in the general charge or in another special charge. LSA-C.Cr.P. Art. 807; State v. Holmes, 388 So.2d 722 (La.1980).
In refusing to give the charge, the trial court stated that it would have required qualification or explanation. Certainly, the term "prima facie case" posed the necessity for further definition to the jury, as would have the phrase "colored by other evidence." Moreover, the thrust of the proposed charge concerned constructive possession of controlled dangerous substances, a subject better and more fully explained in the trial court's general charge.
This assignment of error, as do the others, lacks merit.

CONCLUSION
For the reasons stated above, defendant's conviction and sentence are affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., LINDSAY, HIGHTOWER, HALL and NORRIS, JJ.
Rehearing denied.