593 So.2d 431 (1992)
STATE of Louisiana, Appellee,
v.
Lamar TAYLOR, Appellant.
No. 23187-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
Mayer, Smith & Roberts by Mark A. Goodwin and Caldwell Roberts, Jr., Shreveport, for appellant.
*432 William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Kenneth B. Pennywell and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, HIGHTOWER and VICTORY, JJ.
MARVIN, Chief Judge.
Finding merit in two of Taylor's assignments, we reverse and remand for a new trial.
Hampton, a witness at Taylor's trial, distinctly admitted saying at his guilty plea proceeding that Taylor was involved in the armed robbery from its inception. Hampton's admission of his prior inconsistent statement accomplished his impeachment as a witness at Taylor's trial.
Once Hampton's impeachment had been accomplished, the narration or transcript of his prior inconsistent statement was not admissible over Taylor's objection. LCE Arts. 613, 607D(2). See State v. Parrish, 434 So.2d 475, 478 (La.App. 2d Cir. 1983), writ denied, and cases cited therein. See also State v. Hookfin, 476 So.2d 481, 486 (La.App. 1st Cir.1985).
We cannot conclude, beyond a reasonable doubt, that the erroneously admitted evidence did not contribute to the verdict. The trial court's admission of the evidence thus constitutes reversible, and not harmless, error. State v. Banks, 439 So.2d 407 (La.1983); State v. White, 559 So.2d 541 (La.App. 2d Cir.1990).
Taylor also complains of the trial court's denial of his request to instruct the jury, at the close of Officer Schach's testimony, that the evidence of Hampton's prior inconsistent statement to police concerning Taylor's involvement in the robbery, which Hampton denied making, was admissible solely to impeach Hampton and not as substantive evidence of Taylor's guilt. The court gave a limiting instruction only at the end of the trial.
Evidence of a prior inconsistent statement, if admissible, is admissible solely to attack the credibility of a witness. Art. 607D(2). When the defendant requests a contemporaneous jury instruction, the trial court must caution the jury, at the time the impeaching evidence is introduced, that the prior inconsistent statement is not substantive proof of guilt. State v. Kaufman, 304 So.2d 300 (La.1974); State v. Willis, 241 La. 796, 131 So.2d 792 (1961).
If any witness on remand is impeached by his or her prior inconsistent statement, the trial court shall, on the request of a party, contemporaneously instruct and caution the jury of the limited purpose of the prior inconsistent statement.
LCE Art. 613 requires that a distinct foundation be laid before evidence of a prior inconsistent statement is admissible to impeach a witness. The witness's attention must be fairly directed to the particular statement and he must be given the opportunity to admit the "fact" of his prior inconsistent statement. If the witness fails to distinctly admit the particular statement, the extrinsic evidence of the prior inconsistent statement is admissible. Art. 613 and Comments.
We do not address the other assignments.

DECREE
Reversed and remanded for a new trial.