HIGHTOWER, Judge.
A jury found Elvis Washington guilty as charged of possession of cocaine, LSA-R.S. 40:967 C. After considering a presentence investigation report, the trial court imposed a sentence of five years at hard labor and suspended four years of the term. Reserving seven assignments of error, defendant appeals his conviction. We affirm.
FACTS
For a period of time after 2:00 a.m. on July 10, 1989, Deputy Gary Valentine of the Webster Parish Sheriff’s Department assisted firefighters by diverting traffic away from the scene of a raging fire. In the course of performing these duties, he noticed a vehicle displaying an old and smudged temporary license plate. After stopping the automobile, the officer requested that the operator, Jessie Moore, produce a license and registration. When the driver presented neither, Valentine arrested him for driving without a license and failing to register the vehicle.
After handcuffing Moore, and upon detecting an odor emanating from the car, the deputy walked to the passenger side of the vehicle. There, he directed defendant to exit frotti the right front seat. In complying, Washington removed his left hand from a nearby blue bag containing a pistol. Noticing the gun, Valentine arrested defen *1086 dant for carrying an illegally concealed weapon.
Upon seizing the pistol, the deputy found that it covered a clear plastic bag enclosing four yellowish rock-like objects, later confirmed to be cocaine. Valentine immediately arrested both men for possession of the controlled dangerous substance.
When the jury convicted defendant, this appeal ensued.
DISCUSSION

Assignments of Error Nos. 1 and 6

In his first assignment of error, defendant contends that the charged offense provided no penalty, and, consequently, under LSA-C.Cr.P. Art. 782, he should have been tried by a twelve-person jury and accorded the corresponding number of peremptory challenges. In his sixth specification, he maintains that the trial court erred in denying his motion in arrest of judgment, which averred that the statute prohibiting possession of cocaine provided no punishment. In both instances, his argument is founded upon an assertion that Act 542 of 1990 amended LSA-R.S. 40:967 C to omit the penalty clause.
It should initially be noted that the offense occurred on July 10, 1989, before enactment of the amendment in question, and that the penalty clause then authorized punishment with or without hard labor for not less than two years nor more than five years, in addition to a fine. Thus, as an accused is tried under the statute in effect at the time of commission of the crime, the 1990 revision would not bear upon defendant’s prosecution. Furthermore, after examining the legislation at issue, the Louisiana Supreme Court readily concluded that the punitive provisions of LSA-R.S. 40:967 C remained in full force and effect. State v. Hodges, 577 So.2d 728 (La.1991).
Despite defendant’s contentions, then, possession of cocaine classified as a relative felony both at the time of the offense and, also, even after the 1990 amendment. Hence, inasmuch as LSA-C.Cr.P. Art. 782 provides for six jurors in cases where the punishment may be confinement at hard labor, the first assignment of error is without merit.
Likewise, the trial court having correctly denied defendant’s motion in arrest of judgment filed pursuant to LSA-C.Cr.P. Art. 859(2), the sixth assignment is equally meritless.

Assignment of Error No. 2

In this assignment, it is argued that the trial court erred in permitting Jim Goebel, a forensic chemistry expert with the North Louisiana Crime Lab, to identify the seized substance as cocaine, and in admitting the yellowish “rocks” into evidence. Defendant complains of the witness’s inability to recall the specific acts involved in analyzing this particular sample. It is also implied that the procedures followed by the laboratory are not sufficiently accurate.
The competency of an expert witness, i.e., his or her knowledge of the subject matter, must be established to the satisfaction of the court before such testimony is presented. LSA-C.E. Arts. 104(A), 702. A determination of competency is a question of fact committed to the sound discretion of the trial judge, and his ruling in this regard will not be disturbed absent a manifest abuse of that discretion. Cf. State v. Drew, 360 So.2d 500 (La.1978), cert. denied, 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979); State v. Abram, 465 So.2d 800 (La.App.2d Cir.1985), writ denied, 469 So.2d 983 (La.1985).
Mr. Goebel testified regarding his educational qualifications and broad experience in identifying cocaine. Additionally, he had been accepted on more than eighty occasions as an expert in the field of forensic chemistry, which includes the analysis of controlled substances. By virtue of that background, he more than adequately qualified as an expert for purposes of identifying the seized substance as cocaine.
As shown by the record, defense counsel extensively cross-examined Mr. Goebel as to his methodology in detecting the presence of cocaine. Any objection as *1087 to the accuracy of that testing, then, should go to the weight of the evidence rather than to the admissibility of the substance or its identification as cocaine. State v. Christopher, 561 So.2d 935 (La.App. 2d Cir.1990), writ denied, 567 So.2d 1124 (La.1990). This assignment lacks merit.

Assignment of Error No. 3

In his third assignment of error, defendant alleges that the trial judge erred in allowing the prosecutor to intimidate the primary defense witness, Moore, and by later restricting that individual’s testimony.
During defendant’s case, Moore testified with respect to how the police had impounded his car a short time before the traffic stop. Later, however, when the state called the same witness in rebuttal, defense counsel sought to elicit a further statement from Moore that he and a local policeman had, at the time in question, been dating the same woman. Apparently, the defense intended to theorize that the officer actually deposited the cocaine in the vehicle during the impoundment.
When the state leveled a relevancy objection at this line of questioning, the trial court limited defendant to establishing that the vehicle had been out of the possession of both him and Moore for a significant period. This is the ruling of which the defense now complains.
The determination of the relevancy of tendered evidence, and therefore the scope of cross-examination, lies within the sound discretion of the trial judge whose rulings will not be disturbed in the absence of an abuse of discretion. LSA-C.E. Art. 611(A); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). Nor will a conviction be overturned unless the defendant shows that he suffered prejudice through a limitation of the cross-examination of a witness. State v. Anderson, 517 So.2d 255 (La.App. 1st Cir.1987).
Here, defendant has failed to demonstrate any prejudice. Though the court did not allow cross-examination which supposedly would have indicated the driver of the car dated a police officer’s girlfriend, defense counsel successfully established that the vehicle had been in the possession of others for a significant period of time shortly before the discovery of the cocaine. Therefore, that “hypothesis of innocence” came before the jury for consideration. Moreover, we are convinced that any error in the trial judge’s ruling would be harmless under the circumstances of this case. Cf. State v. Freeman, 521 So.2d 783 (La.App. 2d Cir.1988), writ denied, 538 So.2d 586 (La.1989); State v. Anderson, supra. Furthermore, defendant failed to reveal in any manner whatsoever how the state intimidated Moore. Thus, this assignment does not present reversible error.

Assignment of Error No. 4

In this assignment, defendant argues that the trial court improperly restricted his closing argument.
At an early stage of his summation, defense counsel called into question the analysis of the seized substance:
It’s a fact that a substance was found in that bag that’s believed to be cocaine. It was tested. I’ve got some problems with that particular test and the reason I do is I’m a lay man like y’all are and I’ve been working on several different cases dealing with that machine and I have this difficult time understanding how you can run....
These statements prompted an objection from the state, which the court sustained on the grounds that such comments, in regard to facts not in evidence, exceeded the proper scope of closing argument.
Summations in criminal cases should be confined to the evidence admitted, the lack of evidence, conclusions of fact which may be drawn therefrom, and the law applicable to the case. LSA-C.Cr.P. Art. 774; State v. Eaton, 524 So.2d 1194 (La.1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989); State v. Messer, 408 So.2d 1354 (La.1982); State v. Williams, 447 So.2d 495 (La.App. 3d Cir.1984), writ denied, 450 So.2d 969 (La.1984). A resort to personal experience *1088 goes beyond the proper scope of argument. State v. Barrow, 410 So.2d 1070 (La.1982), cert. denied, 459 U.S. 852, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982); State v. Wiley, 513 So.2d 849 (La.App. 2d Cir.1987), writ denied, 522 So.2d 1092 (La.1988).
Since the challenged portion of the summation referred to matters outside the record and to personal experience, the trial judge did not abuse his considerable discretion in confining defense counsel’s argument to the law and evidence. See State v. Taylor, 430 So.2d 686 (La.App. 2d Cir.1983), writ denied, 438 So.2d 575 (La.1983). This assignment clearly lacks merit.

Assignment of Error No. 5

Defendant next complains that the trial court refused to give his requested special jury instructions, particularly the following charge:
Mere presence of defendant in the area where drugs are found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession. The state must prove that the defendant willfully and knowingly shared with the other the right to control the drug. State v. Kingsmill, App. 4 Cir.1987, 514 So.2d 599.
A special requested charge shall be given by the trial court if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. However, it need not be given if it is included in the general charge or in another special charge. LSA-C.Cr.P. Art. 807; State v. Holmes, 388 So.2d 722 (La.1980); State v. Christopher, supra.
In refusing to give the quoted charge, the trial judge correctly observed that the cited case could be distinguished from the present facts and lacked pertinence in the situation at hand. Further, the record reflects that other special charges adequately apprised the jury concerning constructive possession. Neither do we find error in the denial of the three additional instructions sought by the defense.
This assignment of error is without merit.

Assignment of Error No. 7

Defendant finally asserts that the trial court erred in denying his post-verdict motion for acquittal, filed pursuant to LSA-C.Cr.P. Art. 821 and challenging the sufficiency of the evidence.
The standard of review for sufficiency of evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). That standard, initially enunciated in Jackson, and legislatively adopted with the enactment of LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
Under LSA-R.S. 40:967, the state is required to prove that the defendant possessed cocaine. However, it is not required to prove actual or physical possession, but may instead show constructive possession, that is, that the defendant had dominion and control over the controlled dangerous substance. State v. Christopher, supra.
In the instant case, the evidence established the following facts. Defendant had been a passenger in Jessie Moore’s car when Officer Valentine stopped that automobile. After arresting Moore, the deputy asked defendant to step out of the vehicle. This action revealed a gun which had been concealed by appellant’s hand. Upon arresting defendant and retrieving the weapon for evidence, the officer discovered that a blue bag not only partially housed the pistol, but also contained crack cocaine. That blue bag belonged to defendant. Indeed, a member of the Springhill police had observed defendant carrying this same item, the blue bag or satchel, earlier in the evening.
*1089 The record also establishes that the vehicle and satchel left defendant’s possession at one point during the night. However, there is no evidence to support defense counsel’s contentions that a Spring-hill police officer placed the cocaine in the car in an effort to incriminate either defendant or Moore.
Certainly, when the evidence is viewed in the light most favorable to the prosecution, a rational juror could find guilt beyond a reasonable doubt. Thus, defendant’s final assigned error falls.
CONCLUSION
For the foregoing reasons, we affirm both the conviction and sentence.
AFFIRMED.