647 So.2d 346 (1994)
STATE of Louisiana,
v.
Bryant NEDD.
No. 93 KA 1906.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
*347 James R. McClelland, Asst. Dist. Atty., Franklin, for appellee State of La.
Susan Kutcher, Indigent Defender Bd., Franklin, for defendant-appellant Bryant Nedd.
Before LOTTINGER, C.J., and CARTER and PITCHER, JJ.
CARTER, Judge.
Bryant Nedd was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. He pled not guilty and, after trial by jury, was found guilty as charged. The court sentenced him to serve a term of ten years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served, and to pay a fine of $5,000.00.[1] Defendant appealed, urging two assignments of error.

FACTS
Shortly after 2:30 a.m. on August 14, 1992, Ezola Smith filed a complaint with the St. Mary Parish Sheriff's Office. After the shift commander received the complaint, he notified local law enforcement agencies to be on the lookout for a particular vehicle. Thirty minutes later, Office Chris Pierce with the Franklin Police Department stopped the vehicle. While waiting for sheriff's deputies to arrive, Pierce had the driver, Shannon Carson, *348 exit the car. Two other men were in the car. Pierce observed the passenger in the front seat, later identified as being defendant, throw an object out of the passenger window. As the object hit the ground, it sounded like a weapon to Pierce. When another police unit arrived at the scene, Pierce spoke to the approaching officer by radio and instructed the officer to stop at a particular location to look for the weapon. Following Pierce's directions, the officer found a handgun in front of Carson's vehicle. Later, the officers looked around the vehicle and found no other objects.
Once sheriff's deputies arrived, the occupants of the vehicle were secured. Pierce searched defendant and found four .22 caliber bullets in his right front pocket. The bullets were the same type and make as the six bullets found loaded in the gun. Using one of the bullets, a deputy later test-fired the weapon and found it to be in working condition.
Shannon Carson testified as a state witness at the trial. He indicated that he was driving his mother's car with defendant as a passenger when Ezola Smith asked for a ride home. Carson agreed to drive her home, but told her he would need some money for gas. Apparently, Smith was unable to pay money for the trip because she could not get change for a one hundred dollar bill. When Carson realized he did not have enough gas, he stopped the car. According to Carson, defendant pulled Smith out of the car and "we kicked her out the car." Smith then threatened to contact the police and tell them that defendant had a gun. Carson claimed Smith made these threats because she was angry because the men would not give her a ride home. Carson testified that, contrary to Smith's threats, defendant did not have a gun. However, Carson admitted that, after the incident, he told an officer that defendant and Smith got out of the car when he stopped, that defendant then "robbed" Smith of her pouch, and that defendant had a gun when he returned to the car.[2] At the trial, Carson also testified that he saw the police recover a gun from the street in front of his car after the stop. Over defendant's objection, Carson's entire taped statement to the police was played at the trial.
At the trial, defendant stipulated that he previously had been convicted of three counts of simple burglary during the preceding ten-year period. He also stipulated that he did not have a permit from the sheriff's office which would allow him to carry a gun.

INTRODUCTION OF OTHER CRIMES EVIDENCE
In assignment of error number one, defendant asserts that the court erred when it allowed the introduction of other crimes evidence. Defendant argues that the evidence of the robbery of Ezola Smith was inadmissible other crimes evidence which was introduced without compliance with the notice and procedural requirements of State v. Prieur, 277 So.2d 126 (La.1973). Defendant further maintains that the evidence was not admissible as res gestae other crimes evidence.
Prior to trial, defendant filed a motion in limine seeking to exclude any reference to any crime other than possession of a firearm by a convicted felon. At the hearing held on the motion, defendant argued that the evidence of the robbery of Ezola Smith was inadmissible other crimes evidence because the armed robbery of Smith was not, according to defense counsel, an integral part of the charged offense. The court rejected defendant's arguments and denied the motion in limine. During the testimony of Shannon Carson, when the state questioned him about Ezola Smith, defendant renewed his objection to testimony about the incident.
Citing LSA-C.E. article 404B(1), the state argues that evidence of the armed robbery of Ezola Smith was admissible as an integral part of the charged offense. Article 404B(1) authorizes the admission of evidence of other crimes, wrongs, or acts when the evidence "relates to conduct that constitutes *349 an integral part of the act or transaction that is the subject of the present proceeding." In State v. Brewington, 601 So.2d 656 (La.1992) (per curiam), the Louisiana Supreme Court indicated its approval of the admission of other crimes evidence (under this portion of article 404B(1)) "when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it." State v. Brewington, 601 So.2d at 657. See also State v. Fontenot, 618 So.2d 915, 918 (La.App. 1st Cir.), writ denied, 623 So.2d 1332 (La.1993). The procedural requirements of Prieur are not applicable to evidence of offenses admissible under article 404B(1) as an integral part of the charged offense. See LSA-C.Cr.P. art. 720; State v. Anderson, 517 So.2d 255, 258 (La.App. 1st Cir.1987). See also State v. Griffin, 618 So.2d 680, 688 (La.App. 2nd Cir.), writ denied, 625 So.2d 1063 (La.1993).
In this case, the circumstances under which defendant used the gun during the incident with Ezola Smith are clearly part of the res gestae. The evidence of the robbery of Smith and defendant's later possession of the gun constitute one continuous transaction. See State v. Brown, 428 So.2d 438, 441-42 (La.1983). Thus, the court did not err when it overruled defendant's objection to the evidence. Furthermore, Carson did not testify that defendant robbed Smith. Instead, he testified that defendant did not rob Smith and did not have a gun when he returned to the car after letting Smith out of the car. The state's introduction of Carson's previous contradictory statement to the detective forms the basis of the second assignment of error. Assignment of error number one lacks merit.

INTRODUCTION OF HEARSAY STATEMENTS MADE BY SHANNON CARSON
In assignment of error number two, defendant claims the court erred when it allowed the admission of Shannon Carson's taped statement. Defendant complains that, when the statement was introduced, Carson was not on the witness stand and was not available for cross-examination (as he already had left the courthouse). Defendant further asserts that the state used the statement to show the truth of the matter asserted rather than merely to impeach Carson's trial testimony.
At trial, Carson testified that defendant did not have a gun when he returned to the car after letting Ezola Smith out. Carson explained that, when Smith threatened to call the police and tell them defendant had a gun, she was angry because Carson would not take her home. However, Carson admitted that his previous statements to the police differed from his trial testimony. He claimed that the detective threatened to put both him and defendant in jail for robbery, if he did not make the statements. He admitted that, in a written statement, he told the police that defendant had "robbed" Smith. When asked about a line in the written statement wherein he states that defendant stole Smith's pouch, Carson initially denied making the statement, but then indicated that he made the statement because of the officer's threats. Carson also admitted that, in his taped statement, he told the detective that defendant and Smith had gotten out of the vehicle when the car stopped and that defendant had a gun when he returned to the vehicle.
Later, during the testimony of Detective Steve Veal, the state introduced Carson's taped statement. (The state did not introduce the written statement.) Before the tape was introduced, defense counsel voiced several arguments: (1) the statement is irrelevant; (2) the statement should have been played when Carson was on the stand and subject to cross-examination; (3) Carson admitted making the contradictory statements to the police; (4) defendant did not receive a copy of Carson's statement until just prior to the detective taking the stand; and (5) the statement contained hearsay within hearsay. The court overruled the objection and accepted the state's argument that the taped statement was admissible to impeach Carson. In the taped statement, Carson provided details about defendant's robbery of Smith.
Evidence of a witness's prior inconsistent statement is admissible when offered to attack the witness's credibility, unless the *350 court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice. LSA-C.E. art. 607D(2). A prior inconsistent statement by a witness may be considered for impeachment purposes only, and not as substantive evidence of a defendant's guilt (unless the statement otherwise qualifies for admission as non-hearsay or fits within an exception to the hearsay rule). State v. Robertson, 615 So.2d 1036, 1039 (La.App. 1st Cir.), writ denied, 619 So.2d 1062 (La.1993). See G. Pugh, et al., Handbook on Louisiana Evidence Law, authors' note 11 to LSA-C.E. art. 607 (1994 ed.).[3]
A witness may be confronted with his own prior statement which is inconsistent with his current testimony when the proper foundation required by LSA-C.E. art. 613 has been laid. Williams v. United Fire and Casualty Company, 594 So.2d 455, 462 (La. App. 1st Cir.1991). The witness's attention must be "fairly directed" to the statement, and the witness must be given the opportunity to admit the "fact" of the statement. Extrinsic evidence of the prior contradictory statement is admissible only if the witness denies making the particular statement. LSA-C.E. art. 613. See State v. Johnson, 595 So.2d 789, 796 (La.App. 2nd Cir.1992). See also G. Pugh, et al., Handbook on Louisiana Evidence Law, authors' note 2 to LSA-C.E. art. 613 (1994 ed.).
In the instant case, Carson acknowledged that his written and taped statements contained information contrary to his trial testimony. When the prosecutor questioned him about specific statements he had made to the detective (that defendant had "robbed" Smith, that defendant stole Smith's pouch, that defendant and Smith got out of the vehicle, and that defendant had a gun when he returned to the vehicle), Carson admitted each of these statements and explained that he made the statements after being threatened by the detective. Because Carson admitted making the inconsistent statements, extrinsic evidence of the prior statements was inadmissible, and the court erred when it allowed the state to introduce the taped statement. See State v. Johnson, 595 So.2d at 796; State v. Taylor, 593 So.2d 431, 432 (La.App. 2nd Cir.1992). See also State v. Hookfin, 476 So.2d 481, 486 (La.App. 1st Cir.1985).
Although we find the court erred when it allowed the state to introduce Carson's taped statement, we also find the error is harmless. In determining whether the erroneous admission of evidence requires the reversal of a defendant's conviction, the proper standard is whether there is a reasonable possibility that the evidence might have contributed to the verdict and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. State v. Romero, 574 So.2d 330, 335 (La.1990). To say that an error did not contribute to a verdict is to find the error unimportant in relation to everything else the fact finder considered on the issue in question as revealed in the record. Yates v. Evatt, 500 U.S. 391, 403-04, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991). See State v. Trahan, 93-1116, pp. 21-22 & n. 5 (La.App. 1st Cir. 5/20/94), 637 So.2d 694, 706-07 & n. 5.
Officer Pierce saw defendant throw an object, suspected to be a weapon, out of the car window. Following Pierce's instructions, another officer found the gun in front of Carson's car, and Carson admitted that he saw the officer recover the gun from that location. After defendant's arrest, he was searched, and four bullets which matched the bullets found in the gun were in his possession. Defendant stipulated that he was a convicted felon and did not have a permit to carry the weapon. When Carson's taped statement was introduced, Carson already had admitted making the contradictory statements concerning defendant's armed robbery of Ezola Smith, although denying that the statements were true. While defendant did not ask the trial court to give the jury a *351 limiting instruction, the taped statement was not admitted as substantive evidence, and the state made no effort during its closing arguments to use the taped statement to establish that defendant had committed an armed robbery of Ezola Smith. Accordingly, we find the court's error in introducing the taped statement of Carson was harmless beyond a reasonable doubt. The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In reviewing the record for patent error, we have discovered that, although the minutes indicate the court imposed a ten-year sentence, the transcript reveals the court never actually stated the length of the term of imprisonment. However, it is apparent from the court's comments during sentencing that the court imposed a ten-year term. The court stated that it was imposing the maximum sentence provided by the statute, and the maximum term of imprisonment under the statute is ten years. See LSA-R.S. 14:95.1B. Additionally, the court cited a particular case and noted that a "ten-year" sentence was upheld in that similar case.
[2] In his taped statement, Carson first told the detective that defendant had a gun when he returned to the car. Later, Carson told the detective that he did not see the gun when defendant initially returned to the car. He then implied that he did not see the gun until defendant threw it onto the street.
[3] When a prior inconsistent statement is introduced to impeach a witness, if the defendant requests a contemporaneous jury instruction, the trial court must caution the jury, at the time the impeaching evidence is introduced, that the prior inconsistent statement is not substantive proof of guilt. State v. Taylor, 593 So.2d 431, 432 (La. App. 2nd Cir.1992).