CALOGERO, Justice.
Wilburn G. Monk was charged with operating a motor vehicle while under the influence of intoxicating beverages (a misdemeanor) in violation of La.R.S. 14:98. Defendant, represented by counsel, entered a plea of guilty and was sentenced to pay a fine of $200.00 and costs or to serve sixty (60) days in the parish jail. The trial court further instructed the defendant to surrender his driver’s license to the sheriff. Counsel for the defendant objected to the surrender of defendant’s license and obtained leave to apply to this Court for supervisory writs. Defendant complains in his timely application that in a circumstance such as the present the trial judge is without authority to order the surrender of a defendant’s license. We granted defendant’s application. 345 So.2d 63 (La.1977). We now believe relator to be incorrect in this contention and we affirm the action of the lower court.
La.R.S. 14:98 provides the authorized criminal penalty for operating a vehicle while intoxicated, and in doing so makes no provision for license surrender, suspension or revocation. Such authority is found in Title 32 of our Revised Statutes. More particularly, R.S. 32:393B provides a court with the authority in certain circumstances to require the surrender of a license and thereupon to forward same together with a record of conviction to the director of public safety.[1] A distinguishing characteristic between the two subsections of R.S. 32:393B is that the first subsection is addressed to circumstances requiring mandatory revocation of a license whereas the second is directed to circumstances requiring mandatory suspension of a driver’s license. Since this case presents us with a situation of possible license suspension[2] our attention is drawn to the latter subsection of the statute, i. e., R.S. 32:393B(2).
As is apparent from a reading of R.S. 32:393B(2) a court is authorized to require the surrender of a license because of suspension only when the provisions of R.S. 32:414 make suspension mandatory. Defendant contends that the allusion in section 393B(2) can not be to R.S. 32:414A for in his view that section does not make suspension mandatory.[3] It is further argued *127 that the reference in section 393B(2) is to section 414B wherein there is no allowance for court discretion. This latter assertion cannot be correct inasmuch as section 414B applies not to suspension but rather to license revocation. We will now consider defendant’s contention that the suspension provided for in section 414A (first offense DWI) is not what section 393B(2) refers to when the latter speaks of mandatory suspension under R.S. 32:414.
Initially, it is noted that if section 414A is not the mandatory suspension provision referred to by section 393B(2) then the reference is meaningless because we can find no other subsection of 414 which relates to mandatory suspension.
An analysis of section 414 shows that it breaks down as follows: subsection A speaks of suspension of licenses for the conviction of, entry of a plea of guilty or the forfeiture of bail of a person charged with a first offense DWI; subsection B speaks of revocation of license for more serious crimes; subsection C talks of revocation of a driver’s license for people who unlawfully use a driver’s license in violation of La.R.S. 32:414.1; subsections D and E speak of suspension, cancellation or revocation following an investigation by the department for such things as habitual recklessness, unlawful use of a license, etc.; subsection F concerns the commencement of the period of revocation or suspension and the return of the license at the expiration of that period. See La.R.S. 32:414. These latter provisions, B through F, do not relate to mandatory suspension. Therefore, as noted earlier, subsection A is the only provision to which R.S. 32:393B(2) could be alluding when it refers to mandatory suspension under the provisions of R.S. 32:414.
Because section 414 qualifies the Department’s obligation to suspend (“unless otherwise directed by the Court having jurisdiction of the case”), and authorizes a less than complete suspension (the Department may after investigating reinstate a license restricted to the operation of a motor vehicle while earning a livelihood), section 393B(2) in its reference to mandatory suspension under R.S. 32:414 is not entirely free from ambiguity.
On the other hand, it can be argued that the suspension provided by section 414(A) is mandatory from the point of view of the department in the situation where the trial court has not directed otherwise. In such a case the department must suspend the license of the offender. Furthermore, though the department still retains the power after investigation to grant a limited reinstatement (to earn a livelihood) at least some character of suspension (i. e. driving privileges other than while earning a living, for a period of sixty days) is mandatory.
Construing section 414A as providing for mandatory, occasionally qualified, suspension (from the Department’s point of view) is the only way in which some effect can be given to section 393B(2)’s directive that a court should forward the license of a person subject to mandatory suspension under R.S. 32:414 to the driver’s license division of the Department of Public Safety.
Where a statute is ambiguous and susceptible of two constructions, courts should give that construction which best “comports with the principles of reason, justice, and convenience,” Klause v. State Dept. of Highways, 243 La. 242, 142 So.2d *128 410 (1962); State v. Randall, 219 La. 578, 53 So.2d 689 (1951), rather than a construction which would make the statute meaningless.
We hasten to point out that the possibly ambiguous statutory provision under review deals not with a clause for license suspension, in which case we might more readily be inclined, if not required, to construe the statute more favorably to the defendant. Rather it deals with the means by which a person duly convicted of first offense DWI and statutorily required to suffer a license suspension, is caused to have physically removed from him his license to drive. Thus, there are not here the same due process concerns which might prompt a more scrutinizing interpretation of a statute penal in nature.
Having concluded that R.S. 32:393B(2) makes reference to the provisions of section A of R.S. 32:414 we find that a trial judge does have the right in such circumstances to require the surrender of an offender’s license[4] provided he has consciously exercised the discretion afforded him in R.S. 32:414A not to direct otherwise. In the present case we construe the trial judge’s order to surrender the license as an indication of his decision not to direct otherwise. For the foregoing reasons the writ heretofore granted is recalled, and the trial judge’s action construed as requiring the surrender of the defendant’s license to the court so that the court’s clerk may attach the license to the court record and forward both to the Department of Public Safety is affirmed.

. La.R.S. 32:393B provides as follows:
B. (1) Whenever any person is convicted of an offense for which this Chapter makes mandatory the revocation of the license of such person, the court in which such conviction is had must require the surrender of the license then held by the person convicted and must thereupon forward the same, together with a record of conviction, to the director of public safety.
(2) Whenever the driver’s license of any person is mandatorily suspended under the provisions of R.S. 32:414, the court in which the conviction is had or in which bail is forfeited shall attach said license to a record of said conviction or bail forfeiture and shall forward both to the drivers’ license division of the Department of Public Safety, (underline provided)

. First offense DWI triggers a suspension of driving privileges not a revocation. See R.S. 32:414A.

. In support thereof defendant points out that the statute directs the Department of Public Safety to suspend a license “unless otherwise directed by the court.” The entirety of R.S. 32:414A provides:
A. The department shall, unless otherwise directed by the court having jurisdiction of the case, suspend the license of any person for a period of sixty days upon receiving, from any district, city or municipal court having traffic jurisdiction, or from any federal court or magistrate having traffic jurisdiction within the territorial limits of the state, satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants. The department may investigate an allegation made by such licensee that the suspension of his driving privileges will deprive him or his family of the necessities of life, or will prevent him from earning a livelihood. If the department so finds it may, with approval of the court having jurisdiction of the case, reinstate the license of such licensee; provided, however, that the driving *127 privileges of the licensee shall be restricted to the operation of a motor vehicle to earn a livelihood for a period of sixty days from the date of conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail. Notice of said restriction shall be attached to the íicense. Where such district, city, municipal or federal judge or magistrate has affirmatively recommended that the driving privileges of a person convicted as above not be suspended, the judge or magistrate may, in his discretion, also render an order circumscribing, limiting, or restricting the driving privilege of such licensee for a period not to exceed ninety days from the date of such conviction. A copy of such order shall be sent to the department along with the conviction notice, and a copy shall be attached to the license of the person convicted. A violation of such order shall constitute a violation of this chapter as well as contempt of the court issuing same, (emphasis provided)

. We note that the defendant’s assignment of error complains that the court was without authority to order surrender of his license to the sheriff. However, his arguments in support thereof were directed exclusively to the authority of the court to order the surrender. Since defendant does not complain of the court’s order as it concerns surrendering the license to the sheriff we deem it unnecessary to scrutinize the court order focusing on the means by which the statutory directive in R.S. 32:393B(2) is accomplished. Thus, we construe the court’s order as requiring surrender of the defendant’s license to the court so that the clerk of court can attach the license to the record of the conviction and forward both to the Department of Public Safety.