618 So.2d 606 (1993)
STATE of Louisiana, Appellee,
v.
Alvin C. WILLIAMS, Appellant.
No. 24783-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1993.
Rehearing Denied June 17, 1993.
*607 David P. Daye, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., J. Spencer Hays, Asst. Dist. Atty., Benton, for appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
At the conclusion of his jury trial, the defendant, Alvin C. Williams, was convicted of distribution of cocaine. He was sentenced to serve six years at hard labor. He appeals his conviction. For the following reasons, we affirm.

FACTS
The defendant operated an automobile service station and garage in Bossier City. On July 25, 1990, an undercover narcotics officer, Robert Thomas, called the defendant at his garage. The officer discussed the purchase of a large quantity of cocaine from the defendant. The officer was told to come to the garage later in the day.
Agent Thomas and a confidential informant, Marvin Henson, a/k/a Pete Hill, met with Deputy Ricky Bridges of the Bossier Parish Sheriff's Office. Deputy Bridges searched Agent Thomas and Mr. Henson and their vehicle to insure that no contraband was present. Deputy Bridges then gave the men approximately $625 with which to make the drug purchase.
Deputy Bridges began surveillance of the defendant's business. He waited in a parking lot approximately 150 to 200 yards away, and used binoculars to observe activity at the defendant's place of business.
Agent Thomas and the confidential informant went to the defendant's garage after 5:00 p.m. They had a conversation with the defendant and then paid him $625 for the cocaine. The defendant sent one of his employees, Robert "Bebop" Adams, to an *608 undisclosed location in Shreveport to obtain the cocaine. He was accompanied by the confidential informant, Mr. Henson. When Mr. Adams and Mr. Henson returned, Mr. Adams gave the defendant a brown paper bag. The defendant went inside his business and placed the bag on a desk. Agent Thomas opened the paper bag and found that it contained nine plastic bags of cocaine, as agreed. Upon concluding the purchase from the defendant, Agent Thomas and Mr. Henson then left the business with the cocaine and met with Deputy Bridges. They turned the cocaine over to Deputy Bridges who delivered it to the Northwest Louisiana Crime Lab where the contents were analyzed and were positively determined to be cocaine.
Bossier Parish law enforcement officials were conducting an ongoing investigation into the sale of illegal drugs in the area, using Agent Thomas in an undercover capacity. In order to prevent the exposure of Agent Thomas' identity as an undercover narcotics officer until the conclusion of the operation, the defendant in this case was not immediately arrested.
However, the defendant was eventually arrested and charged by bill of information with distribution of cocaine. The defendant was tried by jury on January 8 and 9, 1992. At the conclusion of the trial, the defendant was found guilty as charged.
On July 7, 1992, the defendant was sentenced to serve six years at hard labor, pursuant to the Louisiana Sentencing Guidelines. The defendant has not appealed his sentence. However, he has appealed his conviction, relying on two assignments of error. First, he contends that there was insufficient evidence to support his conviction. Second, he contends that the trial court committed reversible error by refusing to permit the questioning of the confidential informant concerning bias or inducement for his testimony.

SUFFICIENCY OF THE EVIDENCE
The defendant contends that his conviction should be reversed because the state failed to present sufficient evidence to prove his guilt beyond a reasonable doubt. The defendant argues that the prosecution failed to adequately establish that he was the perpetrator of this offense. He contends that on the date of the alleged offense, he was not present at his garage, but was at his home, approximately twenty-five miles away, building a barn.
In reviewing sufficiency challenges, an appellate court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found that the prosecution proved beyond a reasonable doubt that the defendant committed the acts necessary to constitute every element of the offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The offense of distribution of cocaine is defined in pertinent part in LSA-R.S. 40:967(A):
Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or possess with intent to produce, manufacture, distribute or dispense, a controlled dangerous substance classified in Schedule II.
Cocaine is a Schedule II controlled dangerous substance. See LSA-R.S. 40:964, Schedule II(A)(4).
Where the key issue is the defendant's identity as the perpetrator of an offense, rather than whether the offense was committed, the state is required to negate any reasonable probability of misidentification. State v. Holts, 525 So.2d 1241 (La.App. 1st Cir.1988); State v. Johnson, 525 So.2d 301 (La.App. 1st Cir.1988); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Turner, 591 So.2d 391 (La.App. 2d Cir.1991), writ denied 597 So.2d 1027 (La.1992).
Where there is conflicting testimony as to factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a *609 matter of weight of the evidence and not its sufficiency. A determination of the weight of the evidence is a question of fact over which this court has no appellate jurisdiction in criminal cases. La. Const. art. V, § 10(B); State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied 566 So.2d 983 (La.1990).
A reviewing court affords great deference to a jury's decision to accept or reject the testimony of a witness, in whole or in part. State v. Jeter, 609 So.2d 1019 (La.App. 2d Cir.1992).
It is the function of the trier of fact to assess credibility and resolve conflicting testimony. Where the trier of fact has made a rational determination, it should not be disturbed by an appellate court. State v. Combs, 600 So.2d 751 (La. App. 2d Cir.1992), writ denied 604 So.2d 973 (La.1992).
The defendant contends that he was not at the garage on the evening of July 25, 1990 and did not sell cocaine to Agent Thomas. Rather, the defendant contends that the jury should have believed his witnesses who testified that the defendant was building a barn at his home in July, 1990, and was not at his business during the afternoons and evenings of that month.
At trial, Robert "Bebop" Adams testified that in July, 1990, he was employed at the defendant's garage. Mr. Adams stated that Agent Thomas and the confidential informant, Mr. Henson, came to the garage and purchased the cocaine from him. However, he testified that the defendant, Alvin Williams, was not present.
Dennis Feaster testified on behalf of the defendant. Mr. Feaster stated that in 1990, he was employed as a mechanic at the defendant's garage. He stated that at that time, the defendant was building a barn at his home. He testified that the defendant would come to the garage in the morning to open up, but would then leave to work on the barn.
Donald Williams, the defendant's brother, testified that in July, 1990, he was employed at his brother's garage. He stated that at that time, the defendant was in the process of rebuilding a barn at his home which was damaged by a fallen tree. He stated that the defendant was not present when Agent Thomas and Mr. Henson came to the garage.
Cary Lynn Jones testified that in the latter part of July, 1990, he helped build a barn at the defendant's home. Mr. Jones stated that the defendant was always present and worked on the barn in the evenings during that time period.
The defendant argues that the testimony of state's witnesses, Agent Thomas and Deputy Bridges, is contradictory and should not have been believed by the jury. He further contends that this testimony was insufficient evidence upon which to base his conviction of distribution of cocaine.
Although there were minor discrepancies in their statements, the trial testimony of Agent Thomas and Deputy Bridges clearly places the defendant at the scene as the perpetrator of this offense.
Agent Thomas identified the defendant at trial as the same person he saw at the garage on July 25, 1990. He stated that when he and Marvin Henson arrived at the business, the defendant was working under a vehicle. He stated that he gave the defendant $625 to pay for the cocaine. The defendant then sent Mr. Adams and the confidential informant to obtain the drugs. Upon their return to the garage, the defendant delivered the bag of cocaine to Agent Thomas. Agent Thomas stated that he saw the defendant, Mr. Adams, and another person working on a vehicle as well as two other individuals "mingling" about the business when he arrived.
Agent Thomas stated that in conducting drug investigations, identification of the perpetrators is very important and he pays particular attention to the people with whom he deals. Agent Thomas further stated that the defendant was easy to remember because he was over 30 years of age, whereas most individuals involved in drug transactions are under 30.
Deputy Bridges identified the defendant in court as the perpetrator of the present *610 offense. He testified that he used binoculars during the surveillance and observed the defendant, who he had known for 15 years, meeting with Agent Thomas and the confidential informant.
As stated above, the trier of fact may accept or reject in whole or in part the testimony of any witness. In the present case, there is sufficient evidence, when viewed in the light most favorable to the prosecution, for a rational trier of fact to find that the state proved the essential elements of the crime beyond a reasonable doubt. Even though the defendant's witnesses stated that the defendant was not present in his business on the evening of July 25, 1990, but rather was at home building a barn, the agent who bought the drugs from the defendant and the deputy who conducted the surveillance both identified the defendant as the perpetrator of this offense. Therefore, we find there is sufficient evidence upon which to base the defendant's conviction for distribution of cocaine.

IMPEACHMENT OF WITNESS
The defendant contends that the trial court erred in imposing limitations upon his efforts to impeach the testimony of the confidential informant, Marvin Henson. This contention is meritless.
The confidential informant, Marvin Henson, participated in the drug transaction. However, he was not subpoenaed as a witness by the prosecution. Rather, he was called as a witness by the defense.
Once Mr. Henson took the stand, defense counsel sought to impeach his testimony by showing that he draws Social Security disability payments for a mental deficiency. An objection to this questioning was sustained for failure to lay a proper foundation. However, later in the questioning of this witness, defense counsel was allowed to explore the issue of Social Security disability and received an elusive answer from the witness.
Defense counsel also sought to impeach the witness by showing that he cooperated with the police under threat of prosecution. The trial court sustained the prosecution's objection to this question. Defense counsel argues on appeal that the trial court committed reversible error in failing to allow the witness to be questioned concerning possible threats of prosecution by the state. He argues that "the line of questioning was intended to delve into the witness' motivation for his involvement in the original operation and his subsequent testimony."
It is well settled that the possibility that the prosecution may have leverage over a witness due to the witness' pending criminal charges is a valid area of cross examination. See LSA-C.E. Arts. 607, 609.1; State v. Smith, 591 So.2d 1219 (La. App. 4th Cir.1991), writ denied 604 So.2d 995 (La.1992); State v. Jenkins, 476 So.2d 475 (La.App. 1st Cir.1985); State v. Rankin, 465 So.2d 679 (La.1985); State v. Anderson, 517 So.2d 255 (La.App. 1st Cir. 1987); State v. Brumfield, 546 So.2d 1241 (La.App. 1st Cir.1989), writ denied 556 So.2d 54 (La.1990); State v. Brady, 381 So.2d 819 (La.1980).
The record shows that when defense counsel initially attempted to question the witness concerning prosecutorial leverage, the trial court sustained the prosecution's objection. However, under the circumstances of this case, we find that the trial court's actions in this regard, if error, were at most, harmless error.
Although the court initially sustained the state's objection to this line of questioning, the record also reveals a later colloquy on this subject between the trial court and defense counsel. In this colloquy, the court clarified its ruling. The court stated, "Now, if you want to ask him questions about motivation [for his testimony] or other proper avenues of impeaching his testimony I have not prevented you from doing that." However, defense counsel did not further pursue this line of questioning.
Even though the trial court's action was arguably erroneous, any error that may have resulted from its failure to allow the defense to question the witness regarding prosecutorial leverage must be evaluated to determine whether it mandates *611 reversal of the defendant's conviction or merely constitutes harmless error beyond a reasonable doubt. State v. Mays, 612 So.2d 1040 (La.App. 2d Cir.1993).
In Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the United States Supreme Court concluded as follows:
Accordingly, we hold that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontational Clause errors, is subject to Chapman harmless-error analysis. The correct inquiry is whether, assuming that the damaging potential of the cross examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony on material points, the extent of cross examination otherwise permitted, and, of course, the overall strength of the prosecution's case. [Citations omitted.]
475 U.S. at 684, 106 S.Ct. at 1438.
See also Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Cage, 583 So.2d 1125 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991).
In the present case, the testimony given by the witness was not essential to the prosecution's case against the defendant. The state did not call the witness and, except for the defendant's subpoena, the witness would not have appeared at trial.
However, when the witness appeared in response to the defendant's subpoena, he testified favorably to the state. The witness' testimony was largely corroborative of that of the state's witnesses, Agent Thomas and Deputy Bridges. Therefore, even if we accept the defendant's argument that he should have been allowed to cross examine the witness about prosecutorial leverage, the failure to allow such questioning in this case constitutes harmless error beyond a reasonable doubt.

CONCLUSION
For the reasons stated above, we affirm the conviction of the defendant, Alvin C. Williams.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.